UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-22204-CIV-GOLD-McALILEY

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

CHARLES O. MORGAN, JR., as Personal
Representative of THE ESTATE OF
FREDERICK J. KUNEN,

        Defendant.
_____/

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

TERRY E. PROVENCE and
DT CAPITAL LLC,

        Defendants.
_____/

**FINAL JUDGMENT OF PERMANENT INJUNCTION, DISGORGEMENT,
AND OTHER RELIEF AGAINST TERRY E. PROVENCE** ; *Closing case*

THIS CAUSE came before the Court upon Plaintiff's Notice of Filing Consents of Defendants Terry Province and DT Capital and Proposed Final Judgments [DE 110].

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Terry E. Provence. In its Complaint, the Commission sought a temporary restraining order, preliminary and permanent injunctions,

1

an asset freeze, a sworn accounting, and disgorgement, prejudgment interest and a civil penalty against Provence, based on allegations he violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Sections 10(b) and 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a)(1), and Rule 10b-5 thereunder.

Provence, by the attached Consent, without admitting or denying any of the allegations in the Commission's Complaint, except that he acknowledges service of the Complaint on him and admits the jurisdiction of this Court over him and over the subject matter of this action, has agreed to the entry of this Final Judgment of Permanent Injunction, Disgorgement, and Other Relief against Terry E. Provence ("Final Judgment"). Provence has furthermore waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court, having accepted Provence's Consent and having jurisdiction over Provence and the subject matter of this action, and having considered the record in the case, orders as follows:

I. PERMANENT INJUNCTION AS TO PROVENCE

IT IS ORDERED AND ADJUDGED that Provence, his directors, officers, agents, servants, employees, attorneys, and representatives, and those persons in active concert or participation with him, and each of them, are restrained and enjoined from:

<u>Section 17(a)(1) of the Securities Act of 1933</u>

A.   Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1);

<u>Section 17(a)(2) & (3) of the Securities Act of 1933</u>

B.      Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) & (3);

<u>Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5</u>

C.      Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5; and

<u>Section 15(a)(1) of the Securities Exchange Act of 1934</u>

D.      Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, engaging in the business of effecting transactions in securities

for the accounts of others or inducing or effecting the purchase and sale of securities while not himself registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered, in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

## II. DISGORGEMENT AND CIVIL PENALTY

IT IS FURTHER ORDERED AND ADJUDGED that Provence shall pay disgorgement of $175,677.75, representing his ill-gotten gains as a result of the conduct alleged in the Complaint, prejudgment interest on disgorgement of $4,708.17, and a civil penalty of $130,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d)(3) (the "Funds"). Provence shall pay the Funds to the Court-ordered Receiver in this action within thirty (30) days of entry of the Final Judgment, which the Receiver shall use solely for the benefit of investors who suffered losses as a result of the conduct alleged in the Complaint. Turnover of funds frozen as a result of the Court-ordered asset freeze in this action (D.E. 14) may satisfy in whole or in part Provence's disgorgement, prejudgment interest, and civil penalty obligations under the Final Judgment. By making these payments, Provence relinquishes all legal and equitable right, title, and interest in the Funds, and no part of the Funds shall be returned to him.

The Commission and/or the Receiver may by motion propose a plan to distribute the Funds subject to the Court's approval. Such a plan may provide that the Funds shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is

made, the civil penalty paid pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Provence shall not, after offset or reduction in any Related Investor Action based on his payment of disgorgement in this action, further benefit by offset or reduction of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Provence shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Provence by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Provence shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Provence further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5

## III. ASSET FREEZE VACATED

IT IS FURTHER ORDERED AND ADJUDGED that except as to the following accounts, which the Court shall address in a separate order, the asset freeze imposed against Provence in this action by previous Court order (D.E. 14) is vacated. The accounts still subject to the freeze are: E*Trade accounts 6147-6202 and 6147-1062, OptionsXpress account 0479-3717, Bank of America accounts 2290-0600-7503, 0036-7527-4598, 2290-0600-7574, 2290-0289-2398, 0036-7781-4710, 0044-3095-1741, 2290-0820-1268 and 2290-0211-6883, and Fifth Third Bank accounts 7431413264 and 7431856314.

## IV. INCORPORATION OF CONSENT

IT IS FURTHER ORDERED AND ADJUDGED that Provence shall comply with the provisions of the Consent, and that the Consent is incorporated by reference into this Final Judgment as if fully set forth herein.

## V. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction over this matter and Provence in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VI. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


DONE AND ORDERED in Chambers in \_\_\_\_Miami\_\_\_\_, Florida, this 28 day of May, 2008.

*/s/ Alan S. Gold*
ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record